IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OLIVIA BALL | : | |
| 379 Rosewood Court | : | |
| Powell, Ohio 43065 | : | Civil Case No.: 2:20-cv-5399 |
| | : | |
| | : | Judge: |
| PLAINTIFF, | : | |
| v. | : | Magistrate: |
| | : | |
| OLENTANGY LOCAL SCHOOL | : | |
| DISTRICT BOARD OF EDUCATION | : | COMPLAINT |
| c/o Mindy Patrick, President | : | |
| 7840 Graphics Way | : | |
| Lewis Center, Ohio 43035, | : | |
| | : | Jury Demand |
| MINDY PATRICK | : | |
| Individually | : | |
| 403 Rosewood Court | : | |
| Powell, Ohio 43065, | : | |
| | : | |
| DAVE KING | : | |
| Individually | : | |
| 5027 Lakeview Drive | : | |
| Powell, Ohio 43065, | : | |
| | : | |
| KEVIN O'BRIEN | : | |
| Individually | : | |
| 5138 Somerset Avenue | : | |
| Westerville, Ohio 43082, | : | |
| | : | |
| JULIE WAGNER FEASEL | : | |
| Individually | : | |
| 597 Ablemarle Circle | : | |
| Delaware, Ohio 43015, | : | |
| | : | |
| DR. LAKESHA WYSE | : | |
| Individually | : | |
| 1598 Ivy Street | : | |
| Lewis Center, Ohio 43035, | : | |
| | : | |
| WILLIAM WARFIELD | : | |
| Individually | : | |

| | |
|---|---|
| 1826 West 3rd Avenue | : |
| Columbus, Ohio 43212, | : |
| | : |
| **VALERIE LAWRENSEN** | : |
| **Individually** | : |
| 5516 Dublinshire Drive | : |
| Dublin, Ohio 43017, | : |
| | : |
| **REBECCA GRANATA** | : |
| **Individually** | : |
| 8216 Chateau Lane | : |
| Westerville, Ohio 43082, | : |
| | : |
| **ANGELA RAFEY** | : |
| **Individually** | : |
| 282 Jaguar Spur Avenue | : |
| Delaware, Ohio 43015, | : |
| | : |
| **JOHN DOES #1-10** | : |
| **Addresses Unknown,** | : |
| | : |
| **DEFENDANTS.** | : |

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, by and through counsel, and for Plaintiff's causes of action, states as follows:

### I.  NATURE OF CASE

1. Plaintiff Olivia Ball brings this action against Defendants for unlawful retaliation in violation of the First Amendment to the United States Constitution and Title VI of the Civil Rights Act of 1964 (42 U.S.C. §2000d et seq.) pursuant to 42 U.S.C. §1983; for violation of her substantive due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. §1983; and for violations of the Ohio common law claims of invasion of privacy and intentional inflictions of emotional distress.  Plaintiff's allegations, and the relief she seeks are as follows:

## II. PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Olivia Ball is a resident of the city of Powell, state of Ohio. From 2014 through 2018, she was enrolled as a student at Olentangy Liberty High School operating within the Olentangy Local School District.

3. Olentangy Local School District is a local educational system established pursuant to the laws of the State of Ohio and is the recipient of federal funding.

4. Defendants Patrick, King, O'Brien, Wagner Feasel, and Wyse are school board members in the Olentangy Local School District. At all times relevant herein, these Defendants acted under color of law and are sued in their individual capacities.

5. Defendant William Warfield was the Principal at Olentangy Liberty High School within the Olentangy Local School District. At all times relevant herein, Defendant Warfield acted under color of law and is sued in his individual capacity.

6. Defendant Valerie Lawrensen was an assistant principal at Olentangy Liberty High School within the Olentangy Local School District. At all times relevant herein, Defendant Lawrensen acted under color of law and is sued in her personal capacity.

7. Defendant Rebecca Granata is a teacher at Olentangy Liberty High School in the Olentangy Local School District. At all times relevant herein, Defendant Granata acted under color of law and is sued in her personal capacity.

8. Defendant Angela Rafey is a guidance counselor at Olentangy Liberty High School within the Olentangy Local School District. At all times relevant herein, Defendant Rafey acted under color of law and is sued in her personal capacity.

9. Defendants are "school personnel," "school teacher", and, or "school authorities" pursuant to O.R.C. 2151.42(b).

10. Defendants John Does #1-10 are employees-agents of the Olentangy Local School District with knowledge of confidential student information about Plaintiff Ball.

11. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331.

12. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### III. FACTS

14. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

15. Plaintiff Olivia Ball is an African American female, and is an individual with a disability pursuant to the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973.

16. From 2014 to 2018, Olivia was a student within the Olentangy Local School District and attended Olentangy Liberty High School.

17. On May 26, 2020, Olivia filed a Complaint in the Southern District of Ohio under case number 2:20-cv-2681 (hereinafter referred to as "Complaint').

18. Olivia's Complaint alleged claims of race and disability discrimination against Olentangy Local School District Board of Education, Warfield, Lawrensen, and Granata.

19. Paragraph 22 of Olivia's Complaint contains the following allegation; "[o]n or about November 30, 2016, Guidance Counselor Angela Rafey reported to Olivia's parents that Olivia was experiencing suicidal ideations. Olivia was examined and subsequently diagnosed with Major Depressive Disorder."

20. On July 24, 2020, Defendants Warfield, Lawrensen, Granata and Olentangy Local School District Board of Education, whose members include Defendants Patrick, King, O'Brien, Wagner Feasel and Wyse, filed a combined Answer to Olivia's Complaint.

21. Responding to the aforementioned paragraph 22 of Olivia's Complaint, paragraph 18 of Defendants' Answer states; "Defendants admit that on November 30, 2016, Plaintiff met with her school guidance counselor and *informed her that she had been sexually abused by 0001*, and that she was experiencing suicidal ideations. Further answering, Defendants admit that Plaintiff was later diagnosed with Major Depressive Disorder. All further allegations set forth in paragraph 22 are denied." (Emphasis added.)

22. Olivia's federal Complaint, filed under case number 2:20-cv-2681, contains no mention of facts or allegations concerning sexual abuse.

23. Contrary to the assertion in Defendants' Answer, Defendant Rafey raised the allegation of sexual abuse during a private meeting with Olivia on November 30, 2016.

24. Following the November 30, 2016 meeting, the sexual abuse allegation was not again discussed by any Defendant, or any other member of the Olentangy School District, with Olivia.

25. The disclosure of private and sensitive personally identifiable student information, such as a sexual abuse allegation, without written consent of the student, is prohibited by the Ohio Student Privacy Act, set forth in O.R.C. 3319.321.

26. No Defendant requested Olivia's written consent to release the personal and intimate details of her confidential communication with guidance counselor Defendant Rafey.

27. Despite the Ohio Student Privacy Act prohibiting such disclosure, Defendant Rafey disclosed sensitive, confidential communications between her in her capacity as a guidance counselor and then-student, Olivia Ball.

28. Pursuant to O.R.C. 2151.421(A)(1)(a), all Defendants were required to immediately report to a public children services agency the alleged sexual abuse *if* they had reasonable cause to believe there was a threat to Olivia.

29. No Defendant reported, ordered, or directed the reporting of the sexual abuse allegation to a public children services agency.

30. Rather than admitting or denying the allegations in paragraph 22 of Olivia's Complaint, Defendants intentionally, maliciously, and recklessly chose to add allegations of sexual abuse to its combined Answer.

31. Exceeding any waiver or privilege, and having no reasonable relation to Olivia's race and disability discrimination Complaint, Defendant Rafey's confidential communication concerning allegations of Olivia's sexual assault was made public by Defendants in its July 24, 2020 Answer.

32. Due to Defendants' unnecessary and gratuitous public disclosure of a sensitive, private matter, Olivia suffered and continues to suffer severe psychological damage, depression, distress, trauma, nervousness, anxiety, and embarrassment.

*IV. FIRST CAUSE OF ACTION*
*AGAINST ALL DEFENDANTS*
(Retaliation in Violation of the First Amendment and Title VI of the Civil Rights Act)

33. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34. Plaintiff brings a claim for unlawful retaliation in violation of the First Amendment pursuant to 42 U.S.C. §1983, and Title VI of the Civil Rights Act pursuant to 42 U.S.C. §2000(d).

35. Plaintiff engaged in a protected activity when, on May 26, 2020, she filed a federal Complaint against members of the Olentangy Local School District alleging race and disability discrimination.

36. Defendants' Answer, filed and made public on July 24, 2020, disclosed Plaintiff's confidential student information concerning allegations of sexual abuse.

37. Defendants had no reasonable cause to believe or suspect the allegation of Plaintiff's sexual abuse and therefore did not report the sexual abuse to a public children services agency.

38. Following the November 30, 2016 confidential discussion between Olivia and her guidance counselor, Defendant Rafey, Defendants did not further raise or address the sexual abuse allegation until after Plaintiff filed her federal Complaint on May 26, 2020.

39. Defendants participated in, directed, ratified, and endorsed the public disclosure of highly sensitive, confidential student information in retaliation for Plaintiff lodging race and disability discrimination claims against members of the Olentangy Local School District.

40. Defendants' conduct was unreasonable in light of clearly established law. Defendants' conduct was deliberately indifferent to the known risk of harm to Plaintiff.

41. Defendants' deliberate, intentional, and retaliatory public disclosure of Plaintiff's confidential student information, specifically the unsubstantiated sexual abuse allegation, directly caused Plaintiff extreme mental anguish, violated Plaintiff's clearly established constitutional rights, and exceeded any waiver or privilege.

42. As a direct and proximate result, Plaintiff Olivia Ball suffered and continues to suffer extreme emotional distress, humiliation, nervousness, anxiety, and loss of self-esteem.

### V.  SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Invasion of Privacy in Violation of the Due Process Clause of the Fourteenth Amendment)

43. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. On November 30, 2016, Defendant Rafey engaged in private and confidential discussions with Plaintiff regarding allegations of Plaintiff's sexual abuse.

45. Plaintiff has a fundamental, constitutional privacy right in the non-disclosure of private, personal and confidential student information regarding whether she was sexually abused.

46. In violation of Plaintiff's clearly established fundamental right of privacy, Defendants publically, deliberately, and indiscriminately disclosed Plaintiff's personal and confidential student information on July 24, 2020.

47. Defendants' deliberate, intentional, and public disclosure of Plaintiff's confidential student information, specifically the unsubstantiated sexual abuse, served no legitimate government interest.

48. Defendants' deliberate, intentional, and public disclosure of Plaintiff's alleged and unsubstantiated sexual abuse directly caused Plaintiff extreme mental anguish, and exceeded any waiver or privilege.

49. As a result of Defendants' violation of Plaintiff's due process rights, Plaintiff Olivia Ball suffered and continues to suffer extreme emotional distress, humiliation, nervousness, anxiety, and loss of self-esteem.

*VI. THIRD CAUSE OF ACTION*
*AGAINST ALL DEFENDANTS*
(Invasion of Privacy – State Law Claim)

50. Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

51. Pursuant to O.R.C. 3319.321, all personally identifiable information concerning a student, other than directory information, is confidential and shall not be released without written consent.

52. Plaintiff did not consent or otherwise waive her rights regarding the alleged sexual abuse discussed in private with Defendant Rafey on November 30, 2016.

53. Defendant Rafey acted in bad faith and/or with gross misjudgment by intentionally disclosing the allegation of sexual abuse concerning Plaintiff.

54. Absent any waiver or privilege, Defendants maliciously directed, ratified, and endorsed the public disclosure of Plaintiff's highly sensitive, confidential information in its Answer filed on July 24, 2020.

55. Disclosure of the alleged "sexual assault" in a pleading, intentionally filed and made public record by Defendants on July 24, 2020, was outrageous and intolerable in a civil society.

56. As a direct and proximate result, Plaintiff Olivia Ball suffered and continues to suffer extreme emotional distress, humiliation, nervousness, anxiety, and loss of self-esteem

## VII. FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Intentional Infliction of Emotional Distress – State Law Claim)

57. Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

58. Defendant Rafey recklessly, wantonly, willfully, intentionally, and with disregard for the well-being of Plaintiff, disclosed confidential student information concerning unsubstantiated allegations of sexual abuse, with no forethought to the possible danger to Plaintiff created by the disclosure.

59. Absent any waiver or privilege, Defendants recklessly, wantonly, willfully, intentionally, and with disregard for the well-being of Plaintiff, directed, ratified, and endorsed the public disclosure of Plaintiff's highly sensitive, confidential information in its Answer filed on July 24, 2020.

60. Defendants' conduct was extreme and outrageous.

61. As a direct and proximate result of Defendants' conduct, Plaintiff was caused to suffer extreme emotional distress, humiliation and anxiety.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Issuance of a Declaratory Judgment that the acts, policies, practices, and procedures of Defendants complained of herein, violated the rights of Plaintiff Olivia Ball under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000(d);

2. On the First, Second, Third and Fourth Causes of Action, award Plaintiff Olivia Ball compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000.00);

4. Attorney fees, costs of court and disbursement of this action; and,

5. For such further and other relief the Court deems appropriate.

Plaintiff demands a trial by jury.

Respectfully submitted,

    */s/ Sonia T. Walker*
    Sonia T. Walker (0070422)
    CALIG LAW FIRM, LLC
    513 East Rich Street, Suite 210
    Columbus, OH 43215
    Phone: (614) 252-2300
    Fax: (614) 252-2558
    Email: swalker@caliglaw.com
    *Attorney for Plaintiff*